IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCELUS DELON BIBBS, | ) | CASE NO. 1:16-cv-02069 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| JASON BUNTING, | ) | |
| Warden, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

Petitioner Marcelus Delon Bibbs ("Petitioner" or "Bibbs"), acting *pro se*, filed this

habeas corpus action pursuant to 28 U.S.C. § 2254 ("Petition").  Doc. 1.  Bibbs challenges the

constitutionality of his convictions and sentences in *State v. Bibbs*, Case No. 433086 (Cuyahoga

County).  Doc. 1.  In 2003, Bibbs was convicted of three counts of rape and three counts of

kidnapping with sexual motivation specifications.  Doc. 1, p. 1; Doc. 10-1, p. 21.  The victims

were under the age of thirteen.  Doc. 1, p. 100.  The trial court sentenced Bibbs to life

imprisonment for each rape count and ten years' imprisonment for each kidnapping count.  Doc.

10-1, p. 21, 10-6, p. 217.  All counts were concurrent.  Doc. 10-6, p. 217.

On appeal, the Eighth District Court of Appeals affirmed Bibbs's convictions but found

that the trial court erred in not merging two of the kidnapping charges with the rape charges

committed against the same victims.  Doc. 10-1, p. 110.  The court of appeals concluded that the

trial court did not err in not merging the third kidnapping charge with the third rape charge.  Doc.

10-1, pp. 110-111.  Therefore, the Eighth District Court of Appeals affirmed the judgment in part

1

and vacated it in part and remanded the case to the trial court for execution of sentence.  Doc. 10-1, p. 115.

In 2014, pursuant to the mandate of the Eighth District Court of Appeals, the trial court resentenced Bibbs to a term of ten years' to life imprisonment for each rape count and ten years' imprisonment for one of the kidnapping counts with the sexual motivation specification, with all sentences to run concurrently.  Doc. 10-1, p. 223.  The trial court merged the other two kidnapping charges and sexual motivation specifications with two of the rape charges.  Doc. 10-1, p. 223.

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  On November 1, 2016, Respondent filed a Motion to Dismiss.  Doc. 10.  On March 8, 2017, Bibbs filed a Motion to Expand the Record (Doc. 15) and Traverse (Doc. 16).[1]

Bibbs's Motion to Expand the Record (Doc. 15) is unopposed and GRANTED in part and DENIED in part.  The record is expanded to include those documents attached to Petitioner's Traverse.  To the extent that Bibbs seeks to expand the record to include other documents not attached to his Traverse, including medical reports relating to the victims, his request is DENIED.

For the reasons set forth below, the undersigned recommends that the Court **DISMISS** Bibbs's Petition (Doc. 1) because it presents claims that are procedurally defaulted and/or are not cognizable on federal habeas review.

## I.      Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct.  28 U.S.C. §

---

[1] As indicated in Bibbs's Traverse, his Traverse was filed in reply to Respondent's Motion to Dismiss.  Doc. 16, p. 2.

2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009).  The Eighth District Ohio Court of Appeals summarized the facts underlying Bibbs's convictions as follows:

> {¶ 2} In June of 2002, at the time the alleged crimes took place, defendant lived with his wife, Patricia, and her five children. According to facts adduced at trial, Patricia had a get together for her oldest daughter's birthday on June 19, 2002. During the party, R.A., one of Patricia's youngest three daughters, sprained her ankle and required medical attention. Patricia took R.A., then 12 years old, to the hospital for treatment. Her daughter P., then 10 years old, accompanied them, but her daughter R., then 8 years old, remained at the house with the defendant and his daughter. Patricia, R.A., and P. were at the hospital for a couple of hours that evening. When they arrived home sometime after midnight, Patricia noticed R. coming out of the bathroom. Patricia asked R. what she was doing up so late and R. responded that she was watching television. Patricia was not satisfied with R.'s answer, but briefly went into her bedroom that she shared with the defendant. Patricia saw the defendant was still awake in their bedroom and when she went in to speak with him, she noticed a wet spot on the bed, which she believed to be semen. Upon noticing the semen and still not satisfied with R.'s answer nor R.'s demeanor, Patricia continued to ask R. what was wrong. R. eventually disclosed to Patricia that the defendant had touched her "down there" in her "stoochie." Patricia also noticed that her daughter's underpants were wet. She called a friend and then immediately contacted the police.

> {¶ 3} The police arrived at Patricia's house and began an investigation. In addition to speaking with Patricia, R. and the defendant, the police also spoke to R.A. and P. The defendant was taken away by the police and Patricia took the three girls to the hospital for further examinations. All three girls indicated the defendant had touched them inappropriately, each on different occasions.

*State v. Bibbs*, 2004 WL 2367318, at *1 (Ohio Ct. App. Oct. 21, 2004); *see also* Doc. 10-1, pp. 99-100.[2]

## II.    Procedural Background

## A.  State conviction

---

[2] Additional and more detailed facts are contained in later portions of the Eighth District Court of Appeals' opinion. *State v. Bibbs*, 2004 WL 2367318, at * 2-4, ¶¶ 9-25; *see also* Doc. 10-1, pp. 101-107.

In February 2003, a Cuyahoga County Grand Jury indicted Bibbs for three counts of rape of a child under thirteen years old, three counts of kidnapping with a sexual motivation specification, and three counts of gross sexual imposition.  Doc. 10-1, pp. 5-8, 100.  Bibbs entered a plea of not guilty to all charges.  Doc. 10-1, p. 9.

Bibbs, through counsel, requested and was granted several continuances during the period of March 2003 through July 2003.  Doc. 10-1, pp. 10-14.  In addition, during a May 9, 2003, court proceeding, Bibbs requested and was granted permission to have an independent analysis of DNA test.  Doc. 10-2, p. 8.  The trial court informed Bibbs that his request constituted a request for continuance at his request and it would continue the speedy trial date, which Bibbs indicated he understood.  Doc. 10-2, p. 8.   On August 19, 2003, Bibbs filed a *pro se* motion to dismiss the charges against him based on his constitutional right to a speedy trial. Doc. 10-1, pp. 15-17.  On September 23, 2003, Bibbs, through counsel, filed a second motion to dismiss based on his speedy trial rights.  Doc. 10-1, pp. 18-19.  On September 29, 2003, the trial court denied the motions to dismiss and commenced trial.  Doc. 10-2, pp. 11-15, 23.

On October 8, 2003, the trial court dismissed the three counts of gross sexual imposition on Bibbs's motion, to which the State stipulated.  Doc. 10-6, pp. 6, 73.  On October 9, 2003, the jury found Bibbs guilty of all remaining charges.  Doc. 10-1, p. 20; Doc. 10-6, pp. 193-195.  On November 24, 2003, the trial court conducted a sentencing hearing.  Doc. 10-1, p. 21; Doc. 10-6, pp. 193-225.  It sentenced Bibbs to life imprisonment for each rape count and ten years' imprisonment for each kidnapping count.  Doc. 10-1, p. 21; Doc. 10-6, p. 217.  The court also designated Bibbs a sexual predator under Ohio Rev. Code § 2950.09(A).  Doc. 10-6, p. 224.

**B.  Direct appeal**

On December 17, 2003, Bibbs, acting *pro se*, appealed to the Eighth District Court of Appeals.   Doc. 10-1, pp. 24-25.   Through counsel,[3] Bibbs raised the following assignments of error in his appellate brief (Doc. 20-1, pp. 26-76):

　　1. The verdicts are against the weight of the evidence.

　　2. The trial court erred by failing to merge the convictions of Kidnapping and Rape in violation of R.C. § 2941.25(B).

　　3. The evidence is insufficient to sustain a finding that the appellant is a sexual predator.

Doc. 10-1, pp. 30, 40-51).  The State filed its appellate brief on June 17, 2004.  Doc. 10-1, pp. 77-97.

On November 1, 2004,[4] the Eighth District Court of Appeals affirmed the trial court's judgment in part and reversed in part.  Doc. 10-1, pp. 98-115; *Bibbs*, 2004 WL 2367318.  The court of appeals overruled Bibbs's first and third assignments of error.  *Bibbs*, 2004 WL 2367318, at * 4, 8.  The court of appeals affirmed in part and sustained in part Bibbs's second assignment of error.  *Id.* at * 5-6.  The court of appeals found that the kidnapping and rape charges relating to two of the children should have been merged for sentencing purposes, and remanded to the trial court for resentencing.  *Bibbs*, 2004 WL 2367318, at * 5.  The court of appeals found that the trial court did not err in not merging the kidnapping and rape charges relating to the third child.  *Id.* at 6.

---

[3] Bibbs filed the notice of appeal without counsel but subsequently had counsel representing him when his appellate brief was filed.

[4] The court of appeals' decision was announced on October 21, 2004, and filed and journalized on November 1, 2004. Doc. 10-1, p. 115.

On January 3, 2005, Bibbs, acting *pro se*, filed a notice of appeal and motion for delayed appeal in the Supreme Court of Ohio (Case No. 2005-0010).  Doc. 10-1, pp. 116-18.  On February 16, 2005, the Supreme Court of Ohio denied Bibbs's motion and dismissed the appeal. Doc. 10-1, p. 118.

## C.  First post-conviction proceeding

While his direct appeal was pending, on July 26, 2004, Bibbs, acting *pro se*, filed a petition to vacate or set aside judgment of conviction or sentence and requested an evidentiary hearing in the trial court.  Doc. 10-1, pp. 119-47.  In his petition, he raised the following claims for relief:

1. Defense counsel violated defendants [*sic*] 5th, 6th, and 14th constitutional [a]mendment [r]ights[.]  Counsel was inaffective [*sic*] for failure to have DNA retested or subpoena a [*sic*] expert witness.

2. Trial counsel violated defendants [*sic*] 5th, 6th, and 14th Amendment[s] to the U.S. Constitution.  Trial counsel erred by not preparing a[n] adequate defense for the defendant.

Doc. 10-1, pp. 120-23.  The State moved to dismiss the petition.  Doc. 10-1, pp. 148-55.  In August 2004, the trial court denied Bibbs's petition and granted the State's motion to dismiss.[5] Doc. 10-1, pp. 156-157.

On March 29, 2005, Bibbs filed a motion with the trial court requesting that the court issue findings of fact and conclusions of law regarding the denial of his petition for post-conviction relief.  Doc. 10-1, pp. 158-160.  In June 2005, the trial court denied Bibbs's motion for the court to issue findings of fact and conclusions of law.  Doc. 10-1, p. 161.

Bibbs did not appeal.

---

[5] The journal entry was signed August 18, 2004, and filed August 20, 2004.  Doc. 10-1, p. 156.

**D.  Application to reopen direct appeal**

On January 31, 2005, Bibbs, acting *pro se*, filed a motion to reopen his direct appeal

pursuant to Ohio Appellate Rule 26(B) in the Eighth District Court of Appeals.  Doc. 10-1, pp.

162-173.  In his application, Bibbs alleged that he was denied the effective assistance of

appellate counsel for failing to raise the following claims/issues on direct appeal:

> 1.  Appeal counsel was ineffective for failing to raise Appellants [*sic*] strongest
>     assignments of error on appeal, failing to adequatly [*sic*] research the law on
>     the errors she did raise to prevent them from being very weak or frivolous. . .
>
> 2.  Review requested under *Blakely v. Washington*, . . . 124 S. Ct. 2531 . . .
>     regarding finding that the appellant be labeled as a sexual predator . . .

Doc. 10-1, pp. 168-173.[6]  The State opposed the motion on February 7, 2005.  Doc. 10-1, pp.

174-180.  On June 12, 2006, the state appellate court denied Bibbs's motion to reopen his appeal.

Doc. 10-1, pp. 181-184; *State v. Bibbs*, No. 83955, 2006 WL 1644933 (Ohio Ct. App. June 12,

2006).

Bibbs did not appeal that judgment.

**E.  Motion to dismiss and resentencing**

On March 24, 2014, Bibbs, acting *pro se*, moved to dismiss his convictions based on his

Sixth Amendment right to a speedy trial.  Doc. 10-1, pp. 185-218.  In his motion, he argued that

his case should be dismissed because the trial court did not promptly resentence him pursuant to

the state appellate court's mandate on direct appeal.  *See* Doc. 10-1, p. 185.  The State opposed

the motion.  Doc. 10-1, pp. 219-222.

---

[6] The claims/issues that Bibbs asserts appellate counsel should have raised on direct appeal are set forth in greater
detail in Bibbs's App. R. 26(B) application.  Doc. 10-1, pp. 168-173.

A resentencing hearing was conducted on April 22, 2014.  Doc. 10-7.  At the resentencing hearing, the trial court denied Bibbs's motion to dismiss based on a violation of his speedy trial rights.  Doc. 10-7, p. 6.  At the resentencing hearing, as mandated by the state court of appeals, the trial court merged two kidnapping counts with two rape counts.  Doc. 10-1, p. 223.  The trial court then sentenced Bibbs to 10  years to life on each of the three rape counts and 10 years on the kidnapping count that did not merge, with all time to run concurrent.  Doc. 10-1, p. 223; Doc. 10-7, pp. 19-20.  The trial court again designated Bibbs a sexual predator.  Doc. 10-1, p. 223.

On April 25, 2014, Bibbs filed a motion requesting that the trial court reconsider its decision denying his request to vacate based on a speedy trial violation.  Doc. 10-1, pp. 224-231. The trial court denied Bibbs's motion to reconsider.  Doc. 10-1, p. 232.

On May 20, 2014, Bibbs, through counsel, filed a notice of appeal from the trial court's April 22, 2014, judgment to the Eighth District Court of Appeals.  Doc. 10-1, pp. 234-240.  Bibbs's court appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and requested leave to withdraw.  Doc. 10-1, p. 275, ¶ 1.  Bibbs then filed his own appellate brief (Doc. 10-1, pp. 242-263, Doc. 10-1, p. 276, ¶ 4) wherein he raised the following assignments of error:

1. The trial court violated the defendants [*sic*] due process rights when it imposed a prison term after a lengthy delay and was without jurisdiction to impose a sentence on the defendant.

2. The trial court erred to the prejudice of the defendant, and violated R.C. 2929.11 and 2929.12 when it allowed the defendant to be resentenced after a nine[-]year delay, and failed to consider if the State acted in bad faith violating his Sixth Amendment speedy trial rights.

3. The trial court was divested of jurisdiction to resentence the defendant after the . . . completion of his sentence and was without jurisdiction [*sic*] to impose a period of P.R.C. in violation of O.R.C. 2967.28.

Doc. 10-1, p. 245.  The State filed its appellate brief on March 2, 2015.  Doc. 10-1, pp. 264-272.

On April 2, 2015, the state appellate court concluded that Bibbs was not prejudiced by the delay and affirmed the trial court's judgment, finding Bibbs's appeal was wholly frivolous pursuant to *Anders*.  Doc. 10-1, pp. 273-279.

On May 13, 2015, Bibbs, acting *pro se*, appealed the state appellate court's April 2, 2015, judgment to the Supreme Court of Ohio.  Doc. 10-1, pp. 280-299.  In his memorandum in support of jurisdiction, Bibbs asserted the following propositions of law:

1. Unreasonable delays in resentencing violates [*sic*] a defendants [*sic*] constitutional due process rights pursuant to the U.S. Const. and the Ohio Const.

2. A defendants [*sic*] Speedy Trial constitutional rights are upheld by the U.S. Const. 6th Amend. and enforced on the via [sic] the 14th [A]mend. and Ohio Constitution Article 1 section 16.

3. A trial court loses jurisdiction to resentence a defendant once the term of imprisonment has been completed.

Doc. 10-1, p. 283.  The State did not file a response.  On August 26, 2015, the Supreme Court of Ohio declined to accept jurisdiction of Bibbs's appeal.  Doc. 10-1, p. 300.

**F.  Federal habeas corpus**

On August 17, 2016, Bibbs, acting *pro se*, filed his federal habeas petition.  Doc. 1.  In his Petition, he asserts nine grounds for relief.  Doc. 1, pp. 19-23.  On November 1, 2016, Respondent filed a Motion to Dismiss.  Doc. 10.  On March 8, 2017, Bibbs filed a Motion to Expand the Record (Doc. 15) and Traverse in reply to Respondent's Motion to Dismiss (Doc. 16).

Bibbs's grounds for relief are outlined below and addressed in Section III.C.

**<u>GROUND ONE</u>**: Petitioner was denied the effective assistance of trial counsel as guaranteed by the 5th 6th and 14th Amendments of the U.S. Constitution, when trial counsel's performance fell below the standard set by the 6th and 14th

Amendment rights and to have assistance of counsel and the 5th and 14th Amendment Due Process right to have due process administered.

**Supporting Facts**: Petitioners Trial counsel was ineffective for not calling a(n) expert witness to testify in trial.

On June 9, 2003 counsel filed a motion to retain an expert, the motion was granted and trial counsel had an expert D.N.A. Forensic Consultant (Mr. Ted Yeshion) of the Clue Finders Inc. Erie PA. Review the laboratory report and bench notes prepared by Forensic Scientist Melissa Zielaskeiwicz. Mr. Yenshion offered for the defense a favorable report for the defense of the petitioner.

However, petitioner's counsel refused to subpoena Mr. Yeshion to testify in trial. The petitioner was denied his rights guaranteed by the 6th and 14th Amendments to have "compulsory process for obtaining witnesses in his favor" and to have justice done him by Due Process as guaranteed by the 5th and 14th Amendments.

**GROUND TWO**: Petitioner was denied effective assistance of trial counsel as guaranteed by the 5th, 6th and 14th Amendments of the U.S. Constitution, when counsel failed to have proper retesting done on D.N.A. Evidence.

**Supporting Facts**: On May 9, 2003 during trial proceedings petitioner made a(n) oral motion to have D.N.A. Retested because of a partial mixture of D.N.A. Collected from the alleged crime scene that linked him to the alleged crimes. The D.N.A. samples collected was illegal due to the improper procedures by the Cleveland police officers.

Counsel never had the D.N.A. retested, but instead relied on the testing done by the states forensic scientist Ms. Zielaskiewicz who testified in trial of her findings. Had counsel had the D.N.A. retested it would have proven the defense of contamination and placed a reasonable doubt in the minds of the jurors.
Counsel also never filed a motion to have the evidence thrown out before trial which could have changed the outcome of petitioners' trial.

**GROUND THREE**: The petitioner was denied effective assistance of trial counsel as guaranteed by the 5th, 6th and 14th Amendments of the U.S. Constitution, when counsel failed to prepare a(n) adequate defense for the petitioner.

**Supporting Facts**: Trial Counsel's performance fell below standard when he purposely waited until 20 minutes before trial to ask questions to the petitioners' witnesses during trial. Witnesses could offer testimony about the petitioner's whereabouts and combat testimony of the victims had counsel prepared a solid defense.

Because of the lack of preparation by trial counsel the petitioner was denied his rights to the effective assistance of counsel and a fair trial.

**GROUND FOUR**: The petitioner was denied the effective assistance of appellate counsel as guaranteed by the 5th, 6th and 14th Amendment of the U.S. Constitution, when his appellate counsel failed to raise on direct appeal the petitioner's Speedy Trial violations.

**Supporting Facts**: On December 17, 2003 the Petitioner filed a notice of appeal. On March 5, 2004 attorney Patricia Smith was appointed to represent him. On Direct appeal appellate counsel raised three assignments of error.

However, appellate counsel failed to raise the petitioners' concerns about his Speedy Trial violations due to time that passed from the initial dismissal of the original indictment in September of 2002 and the subsequent arrest in February of 2003 up until trial in September of 2003 and the over nine year delay between remand and re-sentencing in April 2014 which all played a significant factor in denying the petitioner his Speedy Trial rights and the effective assistance of counsel as guaranteed by the 5t1t, 6th and 14th Amendments of the U.S. Constitution.

**GROUND FIVE**: The petitioner was denied effective assistance of appellate counsel as guaranteed by the 5th, 6th and 14th Amendment of the U.S. Constitution, when appellate counsel denied the petitioner access to the trial transcripts and the courts records.

**Supporting Facts**:  Petitioner appealed his convictions and sentence to the Eighth District Appellate Court in Cuyahoga County. On October 21, 2004 the court rendered it's decision affirming in part and vacating in part his convictions, also vacated his sentence and remanded him back to the trial court.

However, petitioner could not properly appeal all concerns of error during trial or properly raise all concerns of errors to the Ohio Supreme Court or on a Post-conviction motion after sentencing, because appellate counsel refused to give him a copy of the trial transcripts to proceed Pro-Se. Because of this the petitioner had to file all motions and appeals to the Ohio Supreme Court without the aid of his transcripts, neither did he have counsel to advise him of his rights.

Petitioner did not appeal this issue on direct appeal because he was represented by counsel who would not give him the transcripts in 2004 and 2014 after his resentencing hearing. Furthermore counsel could not argue he own ineffectiveness on appeal.

Petitioner also did not file any post conviction proceedings on this ground because in 2004 he was remanded back to the trial court and the Ohio Supreme Court could not accept jurisdiction because of the remand, also appellate counsel's error explained in ground six caused him to miss his deadline to file in the Ohio Supreme Court.

In 2014 petitioner was appointed the same counsel to represent him once again who still refused to provide him with a copy of the trial transcripts even after filing a(n) Anders Brief.

**GROUND SIX**: Petitioner was denied effective assistance of appellate counsel as guaranteed by the 5th, 6th and 14th Amendment of the U.S. Constitution when appellate counsel did not notify him of his appeals result until 25 days after journalization.

**Supporting Facts**: On October 21, 2004 the Eighth District Appellate court rendered it's decision on the merits of a(n) appeal by the petitioner.

However the petitioner was not notified of the decision until November 26, 2004. The petitioner filed a motion to file a delayed appeal to the Ohio Supreme Court which was denied because of being one day late, Justices Moyer, CJ., Pfiefer and Lundberg Stratton, J.J. all dissented.

Because of the late notice, petitioner was denied access to the Ohio Supreme court to raise meritorious errors.

Petitioner did file this ground in his motion to the Ohio Supreme Court (See Procedural History Attachment H.)

**GROUND SEVEN**: Petitioner was his rights to a Speedy Trial as guaranteed by the 6th and 14th Amendment of the U.S. Constitution when the state failed to bring him to trial in a timely manner and execute his resentencing hearing without oppressive delay.

**Supporting Facts**: On June 20, 2002 the petitioner Marcelus D. Bibbs was arrested on a(n) alleged sexual assault charge. Attorney Michael H. Peterson was appointed to represent him due to his indigent status. The charges against him were dismissed on September 13, 2002 due a time problem and he was released from custody.

On February 24, 2003 petitioner was arrested once again and was appointed Donald Butler to represent him due to his former counsel Michael H. Peterson filing a "conflict of interest'" motion to withdraw as counsel. Petitioner proceeded to the pretrial portion of the trial proceedings in which counsel Donald Butler made numerous continuances without him knowing. On August 19, 2003 petitioner filed a Pro-Se motion to dismiss felony charges due to Speedy Trial delay. On September 23, 2003 his Attorney filed a subsequent motion to dismiss due to Speedy Trial violations.

Petitioner appealed to the Eighth District Court of Appeals and his convictions were affirmed in part and vacated in part and his sentence was vacated by the appellate court and he was remanded to the trial court for execution of sentence.

On March 24, 2014 petitioner filed a motion to dismiss due to a nine year delay between remand and resentencing. He was re-sentenced on April 24, 2014 during a De-Novo sentencing hearing.

From the time of the dismissal of the original indictment, the numerous continuances during pretrial in 2003, and the over nine year delay between remand and sentencing caused a Speedy Trial violation and prejudice to the petitioner.

Petitioner did raise this ground in his motion to reconsider after the re-sentencing hearing in 2014 (see Procedural History Attachments K.). There was no hearing on this motion. Petitioner did raise this ground to the Eighth District Appellate Court and Ohio Supreme Court (see Procedural History Attachments L. and M.).

**GROUND EIGHT**: Petitioner was denied his rights to Due Process of Law as guaranteed by the 5th, 6th and 14th Amendments of the U.S. Constitution when the state and trial court delayed his resentencing hearing for more than nine years causing him prejudice at his parole hearing in February of 2013.

**Supporting Facts**: As a result of the petitioners' motion to dismiss for Speedy trial violations filed on March 24, 2014 the Cuyahoga County Trial Court became aware that it had not executed the mandate of the Eighth District Appellate Court directing it to re-sentence the petitioner and merge his convictions.

The petitioners' Due process rights to have a meaningful and accurate hearing at his parole board hearing in February 2013 were violated as a result of the delay from his re-sentencing hearing. The petitioner was also was without counsel during the delay and was denied the right to seek a timely appeal without oppressive delay.

The petitioner raised this ground in his motion to reconsider (see Procedural History Attachments K.) Petitioner did not have a hearing on this motion. Ultimately he appealed to the Eighth District Court of Appeals and to the Ohio Supreme Court (See Procedural History Attachments L. and M.)

**GROUND NINE**: Petitioner was his 5th and 14th Amendment rights to protect him against Double Jeopardy, when the trial court re-sentenced him to serve a 10 year sentence after he had already served the full time for his kidnapping convictions and for the full minimum time of his rape convictions.

**Supporting Facts**: The petitioner was convicted in 2003 for 3 counts of rape and 3 counts of kidnapping. On October 9, 2003 he was sentenced to 10 years on each kidnapping conviction and 10 to life on each rape conviction, all counts to run concurrent to each other. On October 21, 2004 his convictions were affirmed and his sentence was vacated. He was remanded back to the trial court. In March of 2014 petitioner filed a motion to dismiss based on Speedy trial violations. In April of 2014 he was brought back to the Trial Court and re-sentenced. By this time he had already served a little over 10 years of incarceration. In the 2014 re-

13

sentencing hearing he was sentenced to serve the same time over again with the exception of the time for the merged kidnapping counts. Petitioner appealed the sentence to the Eighth District Court of Appeals and to the Ohio Supreme Court.(see Procedural History Attachments L. and M.) No hearing was held on neither motion.

Doc. 1, pp. 19-23.

### III.    Law and Analysis

**A.  Standard of review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.

104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the

AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling

AEDPA provision states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "A decision is 'contrary to' clearly established federal law when 'the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or decides a case differently than the Supreme Court has on a set of materially indistinguishable

facts.'"  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000)).  "A state court's adjudication only results in an 'unreasonable application'

of clearly established federal law when 'the state court identifies the correct governing legal

14

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts

of the prisoner's case.'" *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable

application' clause requires the state court decision to be more than incorrect or erroneous."

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established

law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state

court's decision "was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v.*

*Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions

in the state criminal justice systems,' not a substitute for ordinary error correction through

appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)

(Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim

lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388,

1398 (2011).

## B.  Exhaustion and procedural default

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted

all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal

constitutional claims must fairly present those claims to the state courts before raising them in a

federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6

(1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*,

444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003))

("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not

'fairly presented' to the state courts").  In order to satisfy the fair presentation requirement, a

habeas petitioner must present both the factual and legal underpinnings of his claims to the state

courts.[7]  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner

must present his claims to the state courts as federal constitutional issues and not merely as

issues arising under state law.  *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 324-325 (6th Cir.

1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).  Further, a constitutional claim for

relief must be presented to the state's highest court in order to satisfy the fair presentation

requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902

F.2d 480, 483 (6th Cir. 1990).

Additionally, a petitioner must meet certain procedural requirements in order to have his

claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th

Cir. 2006).  "Procedural barriers, such as . . . rules concerning procedural default and exhaustion

of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v.*

*United States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes confused

with exhaustion, exhaustion and procedural default are distinct concepts.  *Williams v. Anderson*,

460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies where state remedies are "still

available at the time of the federal petition."  *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107,

---

[7] In determining whether a petitioner presented his claim in such a way as to alert the state courts to its federal nature, a federal habeas court should consider whether the petitioner: (1) relied on federal cases employing constitutional analysis; (2) relied on state cases employing constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.  *McMeans*, 228 F.3d at 681.

125 n.28 (1982)).  In contrast, where state court remedies are no longer available, procedural

default rather than exhaustion applies.  *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways.  *Williams*, 460 F.3d at 806.  First, a petitioner

procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his

claim to the appropriate state court."[8]  *Id.*  Second, "a petitioner may procedurally default a claim

by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary

appellate review procedures.'"  *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526

U.S. 838, 848 (1999)); *see also  Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003)

("Issues not presented at each and every level [of the state courts] cannot be considered in a

federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure

to present a claim to a state court of appeals constituted a waiver).   "If, at the time of the federal

habeas petition, state law no longer allows the petitioner to raise the claim, the claim is

procedurally defaulted."  *Williams*, 460 F.3d at 806.  While the exhaustion requirement is

technically satisfied because there are no longer any state remedies available to the petitioner,

see *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal

claims considered in the state courts constitutes a procedural default of those claims that bars

federal court review.  *Williams,* 460 F.3d at 806.

---

[8] In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id.* at 753. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

## C. Grounds for relief

### 1. Grounds One through Three, alleging ineffective assistance of trial counsel, are procedurally defaulted

Bibbs did not raise the ineffective assistance of trial counsel claims in Grounds One through Three, i.e., alleged ineffective assistance of trial counsel for not calling an expert to testify, not having proper DNA retesting performed, and not preparing an adequate defense at trial, in his direct appeal. He did raise the claims in his petition to vacate or set aside judgment of conviction or sentence. Doc. 10-1, pp. 120-123. The trial court denied Bibbs's post-conviction petition and granted the State's motion to dismiss the post-conviction petition. Doc. 10-1, pp. 156-157. Bibbs filed a motion with the trial court requesting findings of fact and conclusions of law (Doc. 10-1, pp. 159-160), which the trial court denied (Doc. 10-1, p. 161). Bibbs never appealed those trial court decisions.

Since Bibbs did not pursue the claims asserted in Grounds One through Three at each and every level of the state courts, Grounds One through Three are procedurally defaulted. *See*

18

*Williams*, 460 F.3d at 806 ("[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'")  (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also  Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver).   In order to overcome the procedural default of Grounds One through Three, Bibbs must establish cause and prejudice or demonstrate that a fundamental miscarriage of justice will occur if Grounds One through Three are not considered on federal habeas review.

In response to Respondent's claims that Bibbs procedurally defaulted Grounds One through Three, Bibbs claims that he fully exhausted the claims raised in Grounds One through Three by raising them in his App. R. 26(B) motion to reopen his appeal.  Doc. 16, p. 6.   In his App. R. 26(B) motion, Bibbs did argue that his appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel.  Doc. 10-1, pp. 172-173 (Claim One, Third Issue).  However, while Bibbs's motion to reopen may have preserved his ineffective assistance of *appellate* counsel claims, it did not preserve the underlying claims, including the underlying claim of ineffective assistance of trial counsel.   *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ("[A] Rule 26(B) application 'based on ineffective assistance cannot function to preserve' the underlying substantive claim" for federal habeas review.) (citing *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005); *see also*, *Glenn v. Bobby*, 2013 WL 3421888, * 10 (N.D. Ohio July 8, 2013) ("When an appellant claims that appellate counsel was ineffective because he failed to raise certain claims, that does not fairly present the underlying substantive claims that appellate counsel failed to raise to the state courts.").   Additionally, even if Bibbs's App. R.

26(B) motion served to preserve the underlying ineffective assistance of trial counsel claims, Bibbs procedurally defaulted again by not appealing the denial of his App. R. 26(B) motion to the Supreme Court of Ohio.

Bibbs presents no cause for not appealing the denial of his petition to vacate or his App. R. 26(B) motion.  He does appear to argue cause for failing to raise his ineffective assistance of trial counsel claims in his direct appeal.  Doc. 16, p. 6.  In particular, he asserts that he attempted to raise the claims of ineffective assistance of trial counsel but his appellate counsel refused to raise the errors.  Doc. 16, p. 6.  Bibbs also contends that he later tried to raise the claims in the Supreme Court of Ohio but his appellate counsel provided him late notice of the state appellate court's decision affirming his convictions and he was therefore unable to raise them in the Supreme Court of Ohio.  Doc. 16, p. 6.

Bibbs's attempt to establish cause based on ineffective assistance of appellate counsel fails.  "Attorney error that constitutes ineffective assistance of counsel is cause" to overcome procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 754 (1991).  However, claims of ineffective assistance of counsel cannot provide cause for the procedural default of another claim if the ineffective-assistance claim itself is procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).  Although "that procedural default may [] *itself* be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim."  *Id*. (emphasis original).

As stated above, even though Bibbs raised an ineffective assistance of appellate counsel claim in his App. R. 26(B) application, he never appealed the appellate court's denial of his App. R. 26(B) motion and he has provided no cause for failing to appeal that decision.  Thus, since he procedurally defaulted his claim of ineffective assistance of appellate counsel, he may not rely on ineffective assistance of appellate counsel to overcome the procedural default of his

20

ineffective assistance of trial counsel claims.  *Edwards*, 529 U.S. at 453.   Furthermore, to the extent that he asserts that appellate counsel was ineffective for not timely informing him of the appellate court's November 1, 2004, decision affirming his conviction, said argument, even if accepted, would not serve to establish cause to excuse Bibbs's failure to appeal either the trial court's denial of his petition to vacate or the state appellate court's denial of his App. R. 26(B) motion.   Bibbs was representing himself in his petition to vacate and App. R. 26(B) motion proceedings.  Thus, he cannot claim that counsel failed to timely advise him of the decisions pertaining to those proceedings.  Moreover, Bibbs did not raise a claim of ineffective assistance of appellate counsel based on untimely notification of the state court of appeals' November 1, 2004, decision in his App. R. 26(B) motion.  Accordingly, since Bibbs procedurally defaulted this claim of ineffective assistance of appellate counsel, he may not rely on it to overcome the procedural default of his ineffective assistance of trial counsel claims.  *Edwards*, 529 U.S. at 453.

Because Bibbs has not established "cause," the undersigned need not consider the "prejudice" prong of the procedural default analysis.  *See, e.g., Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000).   Further, Bibbs has not argued or demonstrated that his procedural default should be excused on the basis that he is actually innocent.

For the reasons set forth above, the undersigned recommends that the Court **DIMISS** Grounds One through Three as procedurally defaulted.

## 2.  Grounds Four through Six, alleging ineffective assistance of appellate counsel, are procedurally defaulted

### *Grounds Four and Five*

Construing Bibbs's filings liberally, he raised Grounds Four and Five, alleging ineffective assistance of appellate counsel for failing to raise on direct appeal a claim that his

speedy trial rights were violated and for failing to provide Bibbs with access to trial transcripts and court records, in his App. R. 26(B) motion.  Doc. 10-1, pp. 166, 169-170.   Bibbs, however, did not appeal the state court of appeals' denial of his App. R. 26(B) motion to the Supreme Court of Ohio.  Accordingly, since Bibbs did not pursue the claims asserted in Grounds Four and Five through to the Supreme Court of Ohio, Grounds Four and Five are procedurally defaulted. *See Williams*, 460 F.3d at 806 ("[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'")  (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also  Baston*, 282 F.Supp.2d at 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also, Manning v. Alexander*, 912 F.2d 878, 881  (6th Cir. 1990) (to exhaust claims for federal habeas review, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims").

In order to overcome the procedural default of Grounds Four and Five, Bibbs must establish cause and prejudice or demonstrate that a fundamental miscarriage of justice will occur if Grounds Four and Five are not considered on federal habeas review.

Bibbs claims that he attempted to appeal the ineffective assistance of counsel claims raised in his App. R. 26(B) motion to the Supreme Court of Ohio but was unable to do so because of appellate counsel's late notice of the appellate court's November 1, 2004, decision. Doc. 16, p. 6.  Bibbs represented himself in the App. R. 26(B) proceeding, thus, he cannot claim that his lack of appeal to the Supreme Court of Ohio from the App. R. 26(B) proceedings was the result of error by appellate counsel.  Further, a review of the record shows that the Supreme Court of Ohio denied his motion for a delayed appeal on February 16, 2005, (Doc. 10-1, p. 118),

and the state court of appeals did not deny Bibbs's App. R. 26(B) motion until more than a year later on June 12, 2006 (Doc. 10-1, p. 181).   In light of the foregoing, the undersigned finds Bibbs's claim that appellate counsel's untimely notice of the November 1, 2004, decision prevented him from timely appealing the state court of appeals' June 12, 2006, decision denying his App. R. 26(B) to the Supreme Court of Ohio meritless.

In addition to failing to demonstrate cause to excuse his procedural default of his ineffective assistance of appellate counsel claims, he has not argued or demonstrated that his procedural default should be excused on the basis that he is actually innocent.

Accordingly, for the reasons set forth above, the undersigned recommends that the Court **DIMISS** Grounds Four and Five as procedurally defaulted.

### Ground Six

In Ground Six, Bibbs argues that his appellate counsel was ineffective for failing to timely notify him of the state court of appeals' decision affirming his conviction.   This claim was never presented to the state courts for review.  Although an App. R. 26(B) motion was filed, this claim was not included among the claims of alleged ineffective assistance of appellate counsel and Bibbs is precluded from filing another motion under App. R. 26(B).  *See State v. Twyford*, 106 Ohio St.3d 176, 176-177 (2005) ("'[T]here is no right to file successive applications for reopening' under App. R. 26(B)") (internal citations omitted).  Further, as discussed above, Bibbs did not appeal from the state court of appeals' denial of his App. R. 26(B) motion.  Accordingly, the claim is procedurally defaulted.  *See Williams*, *supra; see also Baston*, *supra*.

In order to overcome the procedural default of Ground Six, Bibbs must establish cause and prejudice or demonstrate that a fundamental miscarriage of justice will occur if Ground Six is not considered on federal habeas review.  This, Bibbs has failed to do.

Thus, for the reasons set forth above, the undersigned recommends that the Court **DIMISS** Ground Six as procedurally defaulted.

### 3. Ground Seven, to the extent it raises a speedy trial violation at trial, is procedurally defaulted

To the extent that Bibbs alleges in Ground Seven a violation of his speedy trial rights at trial[9] were violated, i.e., that the State failed to bring Bibbs to trial in a timely manner, his claim is procedurally defaulted because, although he and his trial counsel raised the issue at the trial court level, Bibbs did not raise the claim in his direct appeal.  *See* Doc. 10-1, p. 30 (appellate brief on direct appeal raising three assignments of error – manifest weight; allied offenses; and sufficiency of the evidence regarding sexual predator designation).  To the extent that Bibbs claims that his procedural default should be excused based on the ineffective assistance of appellate counsel, that claim fails.  As discussed above, ineffective assistance of appellate counsel may serve as cause to excuse a procedural default.  However, claims of ineffective assistance of counsel cannot provide cause for the procedural default of another claim if the ineffective-assistance claim itself is procedurally defaulted.  *Edwards*, 529 U.S. at 453.  Here, Bibbs raised ineffective assistance of appellate counsel in his App. R. 26(B) motion on the basis that his appellate counsel was ineffective for failing to raise a violation of his speedy trial rights.  Doc. 10-1, p. 169 (Claim One, First Issue).  However, as discussed above, Bibbs failed to appeal the state court of appeals' decision denying his App. R. 26(B) application and he has failed to

---

[9] The portion of Ground Seven raising a claim based on the trial court's delay in resentencing Bibbs is addressed in the next section.

establish cause to excuse the failure to do so. Thus, the alleged ineffective assistance of appellate counsel cannot serve to excuse the failure to raise a speedy trial violation in his direct appeal. Further, as discussed above, Bibbs has not argued or demonstrated that his procedural default should be excused on the basis that he is actually innocent

Accordingly, the undersigned recommends that the Court **DISMISS** as procedurally defaulted the portion of Ground Seven asserting a speedy trial violation at trial.

### 4. Grounds Seven through Nine are not cognizable

In Grounds Seven, Eight and Nine, Bibbs alleges that the lengthy delay in his resentencing violated his speedy trial rights (Ground Seven), his due process rights (Ground Eight), and double jeopardy (Ground Nine).

#### Ground Seven

The undersigned recommends that the Court **DISMISS** Ground Seven, which alleges that the delay in resentencing violated Bibbs's speedy trial rights, as not cognizable on federal habeas review. *See United States v. Sanders¸* 452 F.3d 572, 577-579 (6th Cir. 2006) (concluding that the Supreme Court has never extended a speedy trial analysis to resentencing once the conviction is definitive); *see also Williams v. Sheldon*, 2013 WL 821425, * 11 (N.D. Ohio Feb. 2013) (dismissing delay in resentencing claim as not cognizable on federal habeas review) (relying on *Sanders¸* 452 F.3d at 577-578)).

#### Ground Eight

A delay in resentencing may "run afoul of due process guarantees." *Sanders*, 452 F.3d at 580. To determine whether there has been a violation of a defendant's due process rights based on a delay in resentencing, courts look at the reason for the delay and what prejudice has been

suffered as a result of the delay.  *Id.*  In reviewing Bibbs's claims on appeal, the state court of

appeals found the appeal frivolous stating in part:

> {¶8} Following a jury trial, Bibbs was found guilty of three counts of rape and three
> counts of kidnapping.  The trial court imposed three ten-years-to-life sentences for
> the rape convictions and three ten-year sentences for the kidnapping convictions.
> Bibbs appealed his convictions.
>
> {¶9} In *State v. Bibbs*, 8th Dist. Cuyahoga No. 83955, 2004-Ohio-5604, we
> affirmed Bibbs's convictions and designation as a sexual predator, but vacated his
> sentence and remanded the matter to merge two kidnapping charges with two rape
> charges.  On April 22, 2014, in accordance with our remand, albeit after a lengthy
> delay, the trial court conducted a resentencing hearing and merged the
> aforementioned kidnapping charges with the rape charges.
>
> {¶10} We have independently examined the record as required by *Anders* and have
> found no error prejudicial to Bibbs, including the delay in conducting the
> resentencing hearing.  Bibbs's original sentence of three ten-years-to-life that was
> ordered to be served concurrently was statutorily mandated.  R.C. 2929.13(F)(2),
> (3).  As such, the trial court was mandated to impose the sentence.
>
> {¶11} In addition, after merging the aforementioned counts, pursuant to our
> remand, the trial court underscored that Count 7, rape, was not overturned in
> Bibbs's direct appeal and that the original sentence of ten years to life still stood.
> Tr. 20.  The trial court then proceeded to resentence Bibbs to ten years to life on
> Count 7.
>
> {¶12} Further, despite the regretfully lengthy delay, Bibbs was not prejudiced,
> because he had not served any more time than he was required to serve when the
> sentence was originally imposed.  Finally, as part of the resentencing, the trial court
> was required to impose postrelease control.
>
> {¶13} We, therefore, conclude that this appeal is wholly frivolous pursuant to
> *Anders*.  Counsel's request to withdraw is granted, and we affirm the trial court's
> judgment.

Doc. 10-1, pp. 277-278.

A state court's interpretation of state law is binding upon a federal habeas court.

*Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Here, the state court of appeals, in interpreting

state sentencing laws, concluded that Bibbs "had not served any more time than he was required

to serve when the sentence was originally imposed."  Doc. 10-1, p. 278, ¶ 12.  Since this Court is

bound by the state court's interpretation of state law, the undersigned concludes that Bibbs is unable to demonstrate prejudice necessary to establish a constitutional due process violation. Accordingly, the undersigned recommends that the Court **DIMISS** Bibbs's due process claim in Ground Eight as failing to establish a claim for federal habeas relief under § 2254.

_Ground Nine_

In Ground Nine, Bibbs asserts that his resentencing denied him his right to be protected from double jeopardy. Doc. 16, pp. 33-34. Bibbs argues that, by the time he was resentenced, he had already served the full term of his 10 year sentence for the kidnapping conviction and the trial court, therefore, lacked jurisdiction to resentence him. Doc. 16, p. 33. Further, he argues that his "double jeopardy rights were violated when he was subjected to serve a prison sanction over again once he had already completed that sanction." Doc. 16, p. 33.

"The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states that 'no person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . .' The clause was incorporated against the states through the enactment of the Fourteenth Amendment." _Person v. Sheets_, 527 Fed. Appx. 419, 423 (6th Cir. 2013) (citing _Benton v. Maryland_, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)). "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" _Duncan v. Sheldon_, 2014 WL 185882, * 31 (N.D. Ohio Jan. 15, 2014) (quoting _Volpe v. Trim_, 708 F.3d 688, 696 (6th Cir. 2013) (internal citations omitted)). "In contrast to most habeas claims, which are based entirely on federal constitutional rights, a claim under the Double Jeopardy Clause requires analysis of state law; because the state legislature has the authority to define and punish crimes, the definition of

27

multiple punishments is dependent on the legislative intent of the state government." *Person*, 527 Fed. Appx. at 423 (citing *Volpe*, 708 F.3dd at 697).  Thus, "as long as the state court has concluded that the legislature intended cumulative punishment, this court is bound by that conclusion." *Duncan*, 2014 WL 185882, * 32 (quoting *Palmer v. Haviland*, 273 Fed. Appx. 480, * 6 (6th Cir. 2008) (unpublished).

Although Bibbs refers to the 5th Amendment to the U.S. Constitution and the Double Jeopardy clause, Bibbs fails to demonstrate how the delay in his resentencing violated federal constitutional law.  Thus, federal habeas relief is not available.  *See e.g., Diggs v. Griffin*, 2014 WL 1117844, * 5 (W.D.N.Y. Mar. 19, 2014) (concluding that petitioner, who argued that a 7 ½-year delay in resentencing caused the trial court to lose jurisdiction to resentence him, failed to allege how the delay in resentencing violated federal constitutional law and therefore his claim could not provide a basis for federal habeas relief).

Moreover, even if Ground Nine is reviewable on federal habeas review, Bibbs cannot demonstrate that he was subjected to multiple punishments for the same offense.  As discussed above, the state court of appeals considered Bibbs's allied offense claims and determined that some but not all of the kidnapping charges merged with the rape charges.  Doc. 10-1, p. 277, ¶ 9 ("[R]emanded the matter to merge two kidnapping charges with two rape charges."); Doc. 10-1, p. 111 ("[T]rial court did not err in not merging the kidnapping charge with the rape charge regarding P.").  Further, as determined by the state court of appeals, "Bibbs's original sentence of three ten-years-to-life that was ordered to be served concurrently was statutorily mandated. R.C. 2929.13(F)(2), (3).  As such, the trial court was mandated to impose the sentence[]" and Bibbs "had not served any more time than he was required to serve when the sentence was originally imposed."  Doc. 10-1, pp. 277-278, ¶¶ 10, 12.  Since this Court is bound by the state

court's interpretation of its sentencing laws, the undersigned concludes that Bibbs is unable to establish a violation of his double jeopardy rights. Accordingly, the undersigned recommends that the Court **DIMISS** Bibbs's double jeopardy claim in Ground Nine as failing to establish a claim for federal habeas relief under § 2254.

## IV. Conclusion and Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DISMISS** Bibbs's Petition (Doc. 1) because the Petition presents claims that are procedurally defaulted and/or are not cognizable on federal habeas review.[10]

_Kathl B. Burke_

Dated: May 17, 2017      Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[10] As set forth above, Bibbs's Motion to Expand the Record (Doc. 15) is unopposed and GRANTED in part and DENIED in part. The record is expanded to include those documents attached to Petitioner's Traverse. To the extent that Bibbs seeks to expand the record to include other documents not attached to his Traverse, including medical reports relating to the victims, his request is DENIED.